O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA J. ALARCON, </br></br> Plaintiff, </br></br> vs. </br></br> MICHAEL J. ASTRUE, Commissioner of Social Security, </br></br> Defendant. | CASE NO. ED CV 11-00061 RZ </br></br> MEMORANDUM OPINION AND ORDER |

Plaintiff Ofelia J. Alarcon contends that the Social Security Commissioner wrongly denied her claim for disability benefits. Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining that she did not have the severe impairment of carpal tunnel syndrome and in evaluating the opinion of an examining physician. The Court agrees, as explained below.

Plaintiff first argues that the ALJ should have found that she suffered from the severe impairment of carpal tunnel syndrome. The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities, which are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521, 416.921. The requirement of having a severe impairment serves a gatekeeping function, screening out frivolous complaints. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). The courts have

approved the Administration's practice of assessing an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); Social Security Ruling 85-28. Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all—it simply must have more than a minimal effect on his or her ability to do basic work functions. When the Commissioner rests his decision on the failure to satisfy the severity requirement, that decision, as with any other, must rest on substantial evidence within the record. *Smolen,* 80 F.3d at 1289-90.

In this case, Plaintiff was diagnosed with carpal tunnel syndrome by her treating physician, Dr. Garcia (AR 275), and with "likely" carpal tunnel syndrome by an examining physician, Dr. Nguyen. (AR 235.) Plaintiff testified that she has constant pain in both hands; it is worse in her right (dominant) hand and exacerbated by "movement, grasping and gripping"; and that she takes medication for the pain but may require surgery. (AR 51-52.) She told Dr. Garcia that she has trouble holding things (AR 275), and Dr. Nguyen assessed her as having limitations in performing fine motor movements with her right hand, among other things. (AR 236.)

The ALJ provided two reasons for rejecting the diagnosis of carpal tunnel syndrome. Neither is legitimate. First, the ALJ stated that the diagnosis was "speculative in the absence of any electrodiagnostic studies." (AR 34.) But there is no evidence of record that such studies are necessary to establish a diagnosis of carpal tunnel syndrome, and the Commissioner did not respond to Plaintiff's argument that "electrodiagnostic studies are not necessarily required to reach the diagnosis." (Plaintiff's Memorandum in Support of Complaint 10.) It is inappropriate for the ALJ to substitute his own medical conclusions for those of an examining and treating physician. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). Next, the ALJ stated that "[i]f [Plaintiff] has such a diagnosis it has never been treated." (AR 34.) But the ALJ failed to mention Dr. Garcia's diagnosis of carpal tunnel syndrome and prescription of Neurontin to treat it. (AR 275.)

In sum, the medical evidence and Plaintiff's testimony establish that her carpal tunnel syndrome qualifies as a severe impairment.

The Court cannot find the ALJ's error harmless. The ALJ himself stated that "the most that can be said about possible carpal tunnel syndrome is that repetitive forceful grasping should be avoided." (AR 34.) But he did not include this limitation in his assessment of Plaintiff's residual functional capacity (AR 31), and there is no evidence of record demonstrating that Plaintiff could perform her past relevant work or other work with this limitation. As the Court must confine its review to evidence in the administrative record, 42 U.S.C. § 405(g), and must evaluate the "agency's decision only on the grounds articulated by the agency," *Ceguerra v. Secretary*, 933 F.2d 735, 739 (9th Cir. 1991), it cannot accept the Commissioner's speculative argument that the ALJ's error was harmless. (*See* Memorandum in Support of Defendant's Answer 6.)

Plaintiff's other argument is that the ALJ erred in rejecting the opinion of an examining physician, Dr. Nguyen. As noted above, Dr. Nguyen diagnosed Plaintiff with "likely" carpal tunnel syndrome and found that her ability to perform fine manipulation was limited. Dr. Nguyen also opined that Plaintiff could perform only light work, and had limitations in performing pushing, pulling, climbing, stooping, crouching, bending, and working overhead. (AR 235-36.) In contrast, the ALJ found that Plaintiff could "perform the full range of medium work." (AR 31.)

The ALJ was required to provide specific and legitimate reasons for rejecting Dr. Nguyen's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ's reasons do not meet this standard. First, the ALJ found that Dr. Nguyen's assessment of Plaintiff's limitations was "totally unsupported by his own physical examination and by [Plaintiff's] treating records from Dr. Garcia." (AR 34.) But Dr. Nguyen clearly explained how his findings supported his functional assessment. For example, Plaintiff's restriction to light work was "supported by limited range of motion in [the] lumbar [spine] and weakness in [the] right wrist and numbness in [the] right hand but normal neurologic exam and negative straight leg raising tests." (AR 235.) The same or

1  similar factors accounted for Dr. Nguyen's assessment of pushing, pulling, and postural
2  limitations. (AR 236.) The ALJ's reasons for discounting some of Dr. Nguyen's findings
3  — such as the ALJ's determination that Plaintiff's negative straight leg raising test result
4  was "inconsistent" with her range of motion in the spine, and his conclusion that the "grip
5  figures are suspect with a 50% drop-off on the third test unaccounted for by any objectively
6  established pathology" — amount to an improper substitution of the ALJ's medical
7  judgment for that of a physician. *See Tackett*, 180 F.3d at 1102-03. The ALJ's reliance
8  on a non-examining State agency physician's opinion to bolster his rejection of
9  Dr. Nguyen's opinion also is not persuasive. Neither the ALJ nor the State agency
10 physician explained with any specificity why Dr. Nguyen's opinion was inconsistent with
11 the bulk of the evidence. "The ALJ must do more than offer his conclusions. He must set
12 forth his own interpretations and explain why they, rather than the doctors', are correct."
13 *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Finally, as explained above, the
14 ALJ's rejection of Dr. Nguyen's diagnosis of likely carpal tunnel syndrome as unsupported
15 by the evidence was also improper.

16         In accordance with the foregoing, the decision is reversed. The matter is
17 remanded to the Commissioner, who shall assess the effects of Plaintiff's severe
18 impairment of carpal tunnel syndrom, properly evaluate Dr. Nguyen's opinion, and
19 otherwise proceed as appropriate.

20         IT IS SO ORDERED.

22         DATED: January 10, 2012

                                                    _____
                                                    RALPH ZAREFSKY
                                                    UNITED STATES MAGISTRATE JUDGE